IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARCO BROWN<br>36 Herbert Drive<br>New Castle, Delaware 19720 | * * | |
| Plaintiff<br>v. | * * | |
| STATE OF DELAWARE<br>DEPARTMENT OF CORRECTIONS<br>245 McKee Road<br>Dover, Delaware 19904 | * * | CASE NO.: 16 - 50 |
| SERVE ON:<br>Matt Denn, Attorney General<br>Carvel State Building<br>820 N. French Street<br>Wilmington, Delaware 19801 | * * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Marco Brown, Plaintiff, in proper person, brings this action against State of Delaware, Department of Corrections, for violations of Title VII of the Civil Rights Act f 1964, as amended (42 U.S.C. §2000E et. seq.) (Discrimination on the basis of gender, sexual harassment, retaliation, hostile workplace) (Note: Is there a companion state section?). As grounds therefore, Plaintiff states as follows:

1. Marco Brown is an adult black male citizen of the United States residing in New Castle, State of Delaware.

2. State of Delaware, Department of Corrections, is a division of the State of Delaware.

## JURISDICTION AND VENUE

3. The Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC").

4. The EEOC issued a "Notice of Right to Sue" letter, mailed October 30, 2015.

5. This complaint was initiated within the ninety (90) day limit after the receipt of the "Notice of Right to Sue" letter.

6. This Court has jurisdiction over the subject matter of this action pursuant to Tile VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(b) and 28 U.S.C. §1331.

7. The Court has supplemental jurisdiction of Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

8. Venue is proper in this Court, pursuant to 28 U.S.C. §1391©.

## STATEMENT OF FACTS

9. The Plaintiff, who has received a degree in Behavioral Science and was a Behavioral Specialist, was hired by the Defendant as a Correctional Counselor Supervisor on or about January, 2009 at a Level 4 community based prison, as a counselor/supervisor, supervising six (6) counselors.

10. His immediate supervisor at the time of his initial hiring was one Carol Evans, a female.

11. Subsequent to his hiring, in or about 2011 and thereafter, Ms. Evans, who was the Deputy Warden in or about 2011 and thereafter, embarked on a campaign to engage in a sexual relationship with the Plaintiff, including but not limited to, numerous requests to go to lunch with him, numerous calls to him on his personal phone, and

requesting that he spend time with her every day. The Plaintiff would respectfully rebuff these advances.

12. Notwithstanding the Plaintiff's attempts to rebuff her advances, Deputy Warden Evans, who knew that the Plaintiff had a fiancé, continued her campaign, insisting that he take her to a necessary "work-related dinner". The dinner turned out not to be work-related, and Ms. Evans had arranged for a special table and a candlelight dinner. The Plaintiff took Ms. Evans home after the dinner and refused her attempts to invite him into her home.

13. Ms. Evans continued her advances at work, wearing revealing clothes and low cut blouses and short skirts, and demanding that the Plaintiff come "talk to her" in her office and "spend time with her".

14. Following the continued resistance to her advances, Ms. Evans began to take retaliatory actions against the Plaintiff, and further created a hostile work environment.

15. These actions increased substantially after the Plaintiff pursued appropriate procedures, reporting Ms. Evans' behavior. Those efforts did not rectify the situation.

16. Among other things, in 2013 and thereafter, Ms. Evans made false claims against the Plaintiff, referring to him in the most disparaging language, to others.

17. Ms. Evans refused to allow the Plaintiff to replace personnel on his staff, who had departed, and for which positions should have been made available; thus, Ms. Evans attempted to push a much greater work load onto the Plaintiff, making it impossible for him to perform his duties effectively.

18. When others offered to help the Plaintiff, they were ordered by Ms. Evans not to assist and were further ordered to withhold valuable information from him.

19. Ms. Evans would constantly change the Plaintiff's work location to different buildings to keep him from effectively completing his assignments.

20. Ms. Evans would continue to give the Plaintiff bad performance reviews, forcing a demotion and substantial revenue loss.

21. Ms. Evans would allow female employees substantial time off and substantial leniency for absenteeism and tardiness, while disallowing any such activities of the Plaintiff, a male. Ms. Evans took other actions to create a hostile work place, and to retaliate against the Plaintiff for rebuffing her sexual advances, and following procedures to register complaints with regard to her actions against the Plaintiff.

22. Stephen Wesley of the Institution at the time, received the Plaintiff's complaints, and took no action whatsoever, to remedy the situation.

23. Both Carol Evans, and Stephen Wesley are employees of the Delaware Department of Corrections.

24. As a direct and proximate result of the foregoing conduct of the Defendant, through its agents, servants, and employees, the Plaintiff has suffered emotional distress, mental anguish, humiliation, embarrassment, pecuniary losses, including the loss of the past and future earnings, and the loss of other employment benefits.

## COUNT 1
### Sexual Harassment

25. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 24 as though fully set forth herein.

26. Carol Evans, employee of the Defendant, made numerous and continued, and unwelcomed sexual advances of the Plaintiff.

27. Ms. Evans was the Plaintiff's supervisor.

28. Plaintiff's work environment was permeated with discriminatory intimidation, ridicule, and insult.

29. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor, employed by the Defendant and Plaintiff's complaints did not result in any investigation or any action to stop the harassment or take any remedial action.

## COUNT 2
### Sex Based Discrimination

30. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 29 as though fully set forth herein.

31. Carol Evans, Deputy Warden, at the time, treated male employees, such as the Plaintiff unfavorably, compared to her treatment of other like employees, who were female.

32. Plaintiff's work environment was permeated with discriminatory intimidation, ridicule, and insult.

33. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor of the Defendant, and Plaintiff complained to management about the conduct to no avail. The Defendant did not investigate, address, or take any action to stop the harassment or to take any remedial action.

## COUNT 3
### Hostile Work Place

34. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

35. The actions of Carol Evans, employee of the Defendant, were pervasive and constituted a pattern of continued harassment as set forth above, including sexual harassment, all of which conduct was continuing.

36. The Defendant constructively discharged the Plaintiff by maintaining the hostile work environment and by the Defendant's failure to provide any reasonable accommodation to Plaintiff because of his disability.

37. Plaintiff's work environment was permeated with discriminatory intimidation, ridicule, and insult.

38. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor of the Defendant, and Plaintiff complained to management about the conduct to no avail. The Defendant did not investigate, address, or take any action to stop the harassment or to take any remedial action.

## COUNT 4
### Retaliation

39. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 38 as though fully set forth herein.

40. As aforementioned, as a result Plaintiff registering complaints with regard to his treatment, the Defendant, through its agents, servants and employees, caused the Plaintiff to lose pay, be given unfavorable job assignments, be demoted, lose

promotional opportunities, and benefits in connection therewith, and was otherwise harmed.

41. Plaintiff's work environment was permeated with discriminatory intimidation, ridicule, and insult.

42. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor of the Defendant, and Plaintiff complained to management about the conduct to no avail. The Defendant did not investigate, address, or take any action to stop the harassment or to take any remedial action.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

A. Damages according to the proof of any economic injury;

B. Compensatory damages, including back pay, front pay and benefits, according to the proof;

C. Punitive damages according to the proof;

D. Reasonable attorney's fees and costs, and

E. Such other and further relief as this Court shall deem just and appropriate.

## **JURY DEMAND**

The Plaintiff seeks a trial by jury on any and all issues so triable.

Respectfully submitted,

_____
Marco Brown
36 Herbert Drive
New Castle, Delaware 19720
(302) 229-1400
In Proper Person