IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARCO BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-050-GMS |
| | ) | |
| STATE OF DELAWARE DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

The plaintiff, Marco Brown ("Brown"), a former employee of the defendant Delaware Department of Correction ("DOC"), filed this employment discrimination action on January 29, 2016. (D.I. 1.) He appears *pro se.* The court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the court is the DOC's combined motion to dismiss for failure to prosecute and motion for summary judgment. (D.I. 10.)

**I.      Background**

Brown alleges that he was subjected to gender discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, during the course of his employment. When he had taken no action, the court entered a show cause order on June 29, 2016, for Brown to show cause why the case should not be dismissed for failure to prosecute. (D.I. 3.) Following his response, the court founds he had shown cause. (D.I. 6.) Thereafter, the DOC answered the complaint and, on October 31, 2016, the court entered a scheduling order. (D.I. 8, 9.) On July 3, 2017, the DOC filed the instant motion. (D.I. 10.) Brown did not file a response.

## II.     Failure to Prosecute

The court turns to the issue of Brown's failure to prosecute, given that he did not participate in the discovery process and did not respond to defendants' motion for summary judgment. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (unpublished).

The court must balance the factors and need not find that all of them weigh against Brown to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

2

## III. Discussion

The court finds that the *Poulis* factors warrant dismissal of Brown's case. First, as a *pro se* litigant, Brown is solely responsible for prosecuting his claim. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). Second, the DOC is prejudiced by Brown's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Brown did not provide the DOC with a copy of his charge of discrimination or with a copy of the notice of suit rights. Nor did Brown participate in the discovery process. His failure in both instances severely impedes the DOC's ability to prepare a trial strategy.

With regard to the third factor, the court notes that Brown acted in a dilatory manner when he failed to participate in this case through the discovery process, and failed to respond to the motion for summary judgment. In addition, when this case was in its early stages the court ordered Brown to show cause why the case should not be dismissed for his failure to prosecute. While he did respond, his failure to take action evidences his lack of interest in the case. All of this leads to the conclusion that there is a history of dilatoriness.

As to the fourth factor, the facts to date lead to a conclusion that Brown's failure to prosecute is willful or in bad faith. Brown filed this lawsuit, yet failed to participate in discovery or to respond to dispositive motions. For these reasons, the court finds Brown's actions willful and in bad faith.

As to the fifth factor, most sanctions, such as barring evidence, would lead to dismissal of the case. Finally, as to the sixth factor, as discussed in the DOC's motion, it is far from clear that Brown complied with the jurisdictional requirements to maintain this Title VII action.

3

For the above reasons, the court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the court will grant the defendants' motion to dismiss for failure to prosecute.

**IV.      Conclusion**

For the above stated reasons, the court will grant the motion to dismiss for failure to prosecute. (D.I. 10.)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_Jan 8_, 2018
Wilmington, Delaware